OPINION
Steven C. Watkins appeals from the trial court's determination that he is a sexual predator. Watkins was convicted on June 21, 2000 of rape and gross sexual imposition pursuant to his pleas of guilty to an information. The victims were Watkins' stepchildren who were nine and eleven years of age at the time of the offenses. The incidents giving rise to the charges occurred over a period of time from August 1999 to March 2000. Watkins was 43 years of age at the time of the offenses.
Prior to the predator hearing the trial court reviewed a pre-sentence investigation prepared by the Ohio Adult Parole Authority. In the report, Watkins told the parole officer that the children initiated the sexual contact and he was not able to stop them. He told the officer he wanted the sex to stop and for everyone to get counseling. The victims' mother, S.W. , indicated her children were receiving counseling via Catholic Social Services. She advised that she wanted her husband to get counseling but that "the crime he has committed against my family will impact my children and myself forever." The defendant denied threatening either child but did admit telling them not to tell anyone or he would be killed or put in jail.
The defendant presented the testimony of John S. Holoviak, a licensed social worker, who opined that the defendant presented a low risk of committing sexual offenses in the future.
Holoviak testified he received a bachelor's degree in psychology from Wright State University in 1973 and a master's degree in social work and education. (Tr. 7). Holoviak testified he was presently employed by L/C Consolidated Care Mental Health Services and was providing weekly therapy to sex offenders on probation. (Tr. 9).
Holoviak testified he spent about five hours interviewing Stephen Watkins and he administered the Rapid Risk Assessment for Sexual Offense Recidivism test (RRASOR). The test includes four items scored by clinical staff or case managers using a weighted scoring key. The purpose of the test is to assess re-offense risk among prison adult sex offenders at five and ten year intervals. (See Defendant's Exhibit C). The test evaluates four predictors which could result in a score from 0-6, namely, prior sex offenses, age at release, victim gender, and relationship to victim. Since Watkins had no prior sex offenses he received a zero in that category and since he would be 25 or older upon release he also received a zero in that category. Since his victims were females he received a zero in that category and since one of his victims was non-related he received a one in that category. Holoviak noted that a RRASOR score of one represents a "low risk" of re-offending with a five year recidivism rate of 7.6 and 10 year recidivism rate of 11.2.
The defendant offered into evidence an article entitled "The Development of a Brief Actuarial Risk Scale for Sexual Offense Recidivism" by R. Karl Hanson PhD. Dr. Hanson observed that:
 The RRASOR will allow us to predict a small group of sexual offenders who have a very high probability of recidivism, while classifying the majority of offenders as moderate to low risk. Approximately 80% of offenders in this large data set were classified as moderate to low risk, while between 2 and 8% were classified as high risk. Interestingly, the combination of these four factors predicted better than the more elaborate VRAG and other current risk assessment models.
Holoviak also opined that the defendant's "suicidal thoughts" which resulted in hospitalization and the reporting of his own sexual misconduct to law enforcement authorities were acts inconsistent with "predator" behavior. (Tr. 29, 30).
On cross-examination, Holoviak admitted he did not talk to the defendant's victims or to the parole officer who conducted the pre-sentence investigation. (Tr. 42). He did acknowledge that one of the victims told police that the defendant warned her not to tell anyone about the sexual conduct "or else." The victim told the investigator she thought the defendant would kill her. Holoviak also acknowledged that the defendant's inappropriate sexual contact with the victims occurred over several months. (Tr. 51).
At the conclusion of the hearing, the trial court sustained the prosecutor's objection that Holoviak was not an expert and found that the State had demonstrated that the defendant is a sexual predator.
 The Court specifically considered the factors set forth in Ohio Revised Code Section 2950.09. The Court notes that the defendant has no prior criminal record. The Court also finds that the victim suffered. However, the defendants age, the age of the victims, the fact that there were two (2) victims. The nature of the sexually oriented offenses to which the defendant has pleaded guilty, the pattern of conduct by the defendant, the demonstrated pattern of sexual misconduct by defendant with victims, and the "threat" by the defendant to ensure silence by victims, and the impaired capability of the victims, all lead the Court to find by clear and convincing evidence that defendant is a Sexual Predator. The Court specifically considered the statements of defendant as found in the Presentence Investigation.
In his first assignment of error, appellant contends that the trial court erred in determining that he is a sexual predator because the State failed to produce clear and convincing evidence that he is likely to engage in one or more sexually oriented offenses in the future.
In determining whether a sex offender is a sexual predator, a judge shall consider all relevant factors to determine whether the individual is likely to engage in future sex offenses. See R.C. 2950.09(B)(2). These factors include, but are not limited to, the offender's age and prior criminal record, the age of the victim, whether the sex offense involves multiple victims, whether the offender used drugs or alcohol to impair the victim of the sex offense, whether the offender completed a sentence for any conviction, whether the offender participated in any available program for sex offenders, any mental disease or disability of the offender, whether the offender engaged in a pattern of abuse or displayed cruelty toward the victim, and any other behavioral characteristics that contribute to the sex offender's conduct. R.C. 2950.09(B)(2)(a) through (j).
The court shall make the determination that a sex offender is a sexual predator only if its conclusion is supported by clear and convincing evidence. R.C. 2950.09(B)(3). An offender who has been adjudicated a sexual predator may also petition the trial court, after the expiration of an applicable period of time, to obtain an entry indicating that the offender is no longer a sexual predator. R.C. 2950.09(D). Pursuant to R.C. 2950.09(D), the court shall not enter an order with regard to a petition unless the court determines by clear and convincing evidence that the offender is no longer likely to commit further sex offenses.
Determinations of expert witness qualifications to testify are within the discretion of the trial court. State v. Bedinost (1994),71 Ohio St.3d 449,453. We cannot say in this case that the trial court abused its discretion in determining that Mr. Holoviak was not an expert in the area of sexual deviancy. Mr. Holoviak's professional training was not directly relevant to classifying sexual offenders and his experience in the field was modest. In any event, the trial court did not strike his testimony and appeared to consider it for its weight. The trial court gave greater weight to the defendant's age and his relationship with two youthful victims within his own family, and to the threats made by the defendant to ensure silence by the victims. See, R.C. 2950.09(B).
After careful consideration, we find that the trial court did not err in finding by clear and convincing evidence that the defendant is presently a sexual predator.
Mr. Holoviak testified that the defendant was willing to enter treatment for his deviant behavior. If the defendant participates in an institutional therapy program for sexual offenders, he may request that the trial court reconsider whether he is still a sexual predator subject to the registration and notification requirements of the law. See, R.C.2950.09(D). The first assignment of error is overruled.
In his second assignment, Watkins contends the trial court erred by imposing maximum sentences for both offenses of which he was convicted. The defendant received a maximum sentence of 10 years on the rape charge and five years on the gross sexual imposition charge.
The defendant argues that the trial court failed to follow the sentence guidelines in R.C. 2929.14(B) and he should have received the shortest prison term unless the trial court made certain specific findings. Watkins contends the trial court was also required to state its reasons for imposing the sentences beyond a mere recitation of the statutory language in R.C. 2929.14(C).
The State argues that this assignment should be overruled because the maximum sentences imposed in this case are not appealable as a matter of right pursuant to R.C. 2953.08. That provides as follows:
 (A) In addition to any other right to appeal and except as provided in division (D) of this section, a defendant who is convicted of or pleads guilty to a felony may appeal as a matter of right the sentence imposed upon the defendant on one of the following grounds:
 (1) The sentence consisted of or included the maximum prison term allowed for offense by division (A) of section 2929.14 of the Revised Code, the sentence was not imposed pursuant to division (D)(3)(b) of section 2929.14 of the Revised code, the maximum prison term was not required for the offense pursuant Chapter 2925. or any other provision of the Revised Code, and the court imposed the sentence under one of the following circumstances:
(a) The sentence was imposed for only one offense.
 (b) The sentence was imposed for two or more offenses arising out of a single incident, and the court imposed the maximum prison term for the offense of the highest degree.
. . . .
(4) The sentence is contrary to law.
We agree with the State that the defendant has a right of appeal in this case only if the sentence imposed by the trial court is contrary to law because the two offenses in this case did not arise out of the same incident.
"Contrary to law" includes the failure to follow statutory procedures for felony sentencing or to make the necessary findings. See, State v. Nyberg (June 21, 1999), Fayette App. CA 98-11-018, unreported.
R.C. 2929.19(B)(2) provides in pertinent part:
 (2) The court shall impose a sentence and shall make a finding that gives reasons for selecting the sentence imposed in any of the following circumstances:
 (d) If the sentence is for one offense and it imposes a prison term for the offense that is the maximum prison term allowed for that offense by division (A) of section 2929.14 of the Revised Code, its reasons for imposing the maximum term.
 (e) If the sentence is for two or more offenses arising out of a single incident and it imposes a prison term for those offenses that is the maximum prison term allowed for the offense of the highest degree by division (A) of section 2929.14 of the Revised Code, its reasons for imposing the maximum term.
(Emphasis ours).
R.C. 2929.14(C) provides as follows:
 (C) Except as provided in division (G) of this section or in Chapter 2925. of the Revised Code, the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, [and] upon offenders who pose the greater likelihood of committing future crimes, . . . .
Since the victims in this case were nine and eleven years old and were related to the defendant the trial court would not have erred in finding that the defendant committed the "worst form of the offenses" of rape and gross sexual imposition. A maximum ten year sentence was upheld where a six year old boy was anally raped by the boyfriend of the victim's grandmother. The Court of Appeals noted that the age of the child made the conduct the worst form of the offense. State v. Patterson (September 21, 1998), Ham. App. 97-CA-28, unreported. See also, State v. Nagel (November 17, 1999), Ham. App. C-980930, unreported, where the victim was twelve years old.
In our opinion, the imposition of a maximum sentence for one offense requires some explanation of the trial court's reasoning for making the finding required by R.C. 2929.14(C), and the trial court did not offer an explanation in the case before us.
Watkins received the maximum sentence for Rape, ten years, and the maximum sentence for Gross Sexual Imposition, five years. The sentences were to be served concurrently. With respect to each sentence, Watkins received the maximum sentence that could be imposed for that single offense. Pursuant to R.C. 2929.19(B)(2)(d), the imposition of a maximum sentence for a single offense requires an explanation of the reasons for selecting the offense. See State v. Edmonson (1999), 86 Ohio St.3d 324.
The second assignment of error is Sustained.
We reverse the judgment of the trial court and remand this cause for resentencing, at which the trial court, if it wishes to impose a maximum sentence for either or both offenses, would be required to explain its reasons for imposing the maximum sentence.
FAIN, J., and YOUNG, J., concur.